Taso Pardalis (AP-1225)
Pardalis & Nohavicka, LLP
35-10 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
taso@pnlawyers.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANESSA DESTIN d/b/a AUFUTUR CLOTHING, | No.: **1:14-cv-7512** |
| *Plaintiff,* | **COMPLAINT** |
| -v- | **Trademark Infringement, Trademark Dilution, Unfair Competition, and Deceptive Trade Practices** |
| FAMOUS HORSE, INC. d/b/a V.I.M, V.I.M, JEANS, INC., JOSEPH JOSEPH and SARAH JOSEPH, | **DEMAND FOR JURY TRIAL** |
| *Defendant(s).* | |

## CIVIL COMPLAINT

1.      Plaintiff VANESSA DESTIN d/b/a AUFUTUR CLOTHING ("AuFutur" or "Plaintiff") by her attorneys, Pardalis & Nohavicka, LLP, hereby complains as follows against FAMOUS HORSE, INC. d/b/a V.I.M, V.I.M JEANS, INC., JOSEPH JOSEPH and SARAH JOSEPH (collectively referred to as "Defendants"):

## NATURE OF ACTION

2.      This is an action at law and equity for the infringement and dilution of trademark rights granted under the Lanham Act (15 U.S.C.A §§ 1051 et seq.), and for injury to business reputation, unfair competition, and deceptive trade practices. Specifically, the action arises under § 32(1) of the Act (15 U.S.C.A § 1114(1)), and seeks relief under that Section and under §§ 34 and 35 of the Act (15 U.S.C.A §§ 1116 & 1117).

1

## JURISDICTION & VENUE

3.      This Court may properly maintain personal jurisdiction over the Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant, so as to comply with traditional notions of fair play and substantial justice. This Court also has jurisdiction pursuant to § 39 of the Lanham Act (15 U.S.C.A § 1121(a)).

4.      Venue is properly laid in this judicial district pursuant to 28 U.S.C.A §§ 1391(b)(1) and (b)(2) because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

5.      Plaintiff, VANESSA DESTIN, is now, and at all times hereinafter mentioned an individual residing in Queens, New York, certified to conduct business under the name AUFUTUR CLOTHING at an address located at 407 Beach 20th Street, Far Rockaway, New York 11691.

6.      Defendant, FAMOUS HORSE, INC. d/b/a V.I.M, is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business located at 164-01 Jamaica Avenue, New York 11432.

7.      Defendant, V.I.M JEANS, INC., is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business located at 164-01 Jamaica Avenue, New York 11432 (Famous Horse, Inc. d/b/a V.I.M and V.I.M Jeans, Inc. will hereinafter be referred to as the "Corporate Defendants.")

8.      Upon information and belief, at all relevant times, Defendant JOSEPH JOSEPH was, and is now, the owner and operator of the captioned Corporate Defendants.

9.      Upon information and belief, at all relevant times, Defendant SARAH JOSEPH was, and is now, the owner, operator and Chief Financial Officer of the captioned Corporate Defendants.

**SUMMARY**

10.    Plaintiff Vanessa Destin is a young female entrepreneur who, through her own hard work and endeavors, established a start-up clothing company called AuFutur Clothing from her home in Queens, New York. Since its inception, Ms. Destin has spent lots of time, money and resources to establish the promotion and advertisement of her business and single-handedly build up it's goodwill and reputation. To protect her business' assets, Ms. Destin registered the AuFutur mark used and associated with her products with the United States Patent and Trademark Office in February 2013.

11.    Defendants Famous Horse d/b/a V.I.M and V.I.M Jeans, Inc. are chain clothing store conglomerates that have been in business since the 1970s, originally from multiple locations in Westchester, Long Island, New Jersey and New York, but now found nationwide. Upon information and belief, Defendants Joseph Joseph and Sarah Joseph are the owners and operators of Famous Horse, Inc. d/b/a V.I.M and V.I.M Jeans, Inc.

12.    On or about September 2014, Ms. Destin was informed by more than one confused consumer that, while shopping at a V.I.M store, they found t-shirts bearing a mark identical to that of Ms. Destin's AuFutur mark. The infringing t-shirts were being sold by V.I.M at a cheaper price and a far lesser quality than the products sold by AuFutur.

13.    Ms. Destin did not authorize or license Defendants to make or sell garments bearing her business' mark, and at no time has it been acceptable for the Defendants to free-ride on the goodwill and reputation of the business that Ms. Destin has worked so hard to establish.

14.    Multiple Cease & Desist notices were issued to the defendants that, to date, have been ignored. Ms. Destin now brings this trademark infringement action against the defendants seeking to enjoin them from the continued manufacture and sale of products bearing marks that are confusingly similar to that of AuFutur, as well as all other statutory remedies available for violation of the Lanham Act, state law and common law.

**FACTUAL ALLEGATIONS**

15.    Since May 28, 2013, Plaintiff has been engaged in the manufacture and sale of

clothing, namely shirts and T-shirts (hereinafter referred to as the "Plaintiff's goods"), and such manufacture and sale has extended throughout the state of New York and the United States.

16.    For the purpose of identifying Plaintiff's goods and distinguishing them from the goods of other manufacturers, Plaintiff adopted a trademark consisting of a pair of eyes represented as red X's above lips with two vampire fangs biting into a stack of money (hereinafter the "AuFutur Mark"). A copy of the trademark is attached hereto as **EXHIBIT A**.

17.    On February 27, 2013, Plaintiff applied for registration of the trademark in the United States Patent and Trademark Office for intended use in association with clothing, namely shirts and T-shirts.

18.    Plaintiff was granted Registration No. 4626417 for the trademark. The registration is currently valid, subsisting and uncanceled on the Supplemental Register. A copy of the registration is attached hereto as **EXHIBIT B**.

19.    Plaintiff has spent money in advertising and otherwise promoting the sale of its products and has prominently featured the registered trademark in such promotional activities.

20.    Plaintiff's products bearing the AuFutur Mark are of high quality, and the AuFutur Mark is the primary means by which the products are identified as having being produced and sold by Plaintiff.

21.    Plaintiff has built up and now has valuable goodwill connected with its business, and such goodwill is symbolized by Plaintiff's AuFutur Mark.

22.    On or about September 2014, Defendants began to manufacture, distribute, and sell in interstate commerce lesser quality garments bearing the mark of a pair of eyes represented as red X's above lips with two vampire fangs biting into a stack of money. The Defendants' mark is an imitation of Plaintiff's AuFutur Mark. A photograph of said garment, the garment's store tag, and a receipt indicating the Corporate Defendants as place of sale, is attached hereto as **EXHIBIT C**.

23.    Plaintiff does not manufacture, and is not associated or connected in any way to, the goods manufactured, distributed, and sold by Defendants, nor are the Defendants licensed,

authorized, sponsored, endorsed or approved by Plaintiff in any way.

24.    There is evidence that Defendants' use of the AuFutur Mark on its garments has already deceived purchasers, in that Plaintiff has experienced public confusion as to the source of Defendants' goods and/or Defendants' connection to Plaintiff. *See*, text messages to Vanessa Destin, regarding Defendants' sale of goods bearing Plaintiff's AuFutur Mark, attached hereto as **EXHIBIT D**.

25.    The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of Plaintiff's AuFutur Mark is causing irreparable harm to the goodwill of Plaintiff's business and the reputation for quality that Plaintiff embodies.

26.    Plaintiff has demanded several times in writing that Defendants discontinue use of the imitation of Plaintiff's AuFutur Mark, but Defendants have refused to comply with Plaintiff's demands. *See*, written demands made, attached hereto as **EXHIBIT E**.

27.    Upon information and belief, Defendants continue to use a confusingly similar imitation of Plaintiff's AuFutur Mark in connection with the sale of products that are directly competitive with those offered by Plaintiff. Defendant began selling these imitations well after Plaintiff established its protectable rights in the AuFutur Mark.

28.    Upon information and belief, the goods sold by the Defendants are similar to and compete with goods sold by Plaintiff, and the use by the Defendants of Plaintiff's AuFutur Mark was, and is, deliberate, and the Defendants have used/continue to use the AuFutur Mark for the purpose of giving the Defendant's products consumer appeal and salability that usurps Plaintiff's reputation and goodwill, which the Defendants' products otherwise would not have.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement:
### Violation of § 32 of the Lanham Act (15 U.S.C § 1114))

29.    Plaintiff repeats and realleges the above allegations in paragraphs 1-28.

30.    Defendants' use of confusingly similar imitations of Plaintiff's AuFutur Mark is likely to cause confusion, deception and mistake by creating the false and misleading

impression that Defendants' goods are manufactured or distributed by Plaintiffs, or are associated or connected with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

31.     Defendants have used marks confusingly similar to Plaintiff's federally registered mark in violation of 15 U.S.C. § 1114 (§ 32 of the Lanham Act), and Defendants' activities have caused/will continue to cause a likelihood of confusion and deception of public, as well as injury to Plaintiff's goodwill and reputation as symbolized by the federally registered AuFutur Mark, to Plaintiffs' great and irreparable injury.

32.     Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and because of this, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

### SECOND CAUSE OF ACTION
**(Federal Unfair Competition:**
**Violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125))**

33.     Plaintiff repeats and realleges the above allegations in paragraphs 1-32.

34.     Defendants' use of confusingly similar imitations of Plaintiff's AuFutur Mark have caused and is likely to continue causing confusion, deception and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiff, or are affiliated, connected, associated, sponsored, endorsed or approved by Plaintiff.

35.     Defendants have made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendants' activities have caused/will continue to cause a likelihood of confusion and deception of members of the public, as well as injury to Plaintiff's goodwill and reputation as symbolized by the AuFutur Mark, for which Plaintiff has no adequate remedy at law.

36.     Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's AuFutur Mark to the irreparable injury of Plaintiffs.

37.    Defendants' conduct has caused, and is likely to continue causing, injury to the public and to Plaintiff, and because of this, Plaintiff is entitled to injunctive relief, to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## THIRD CAUSE OF ACTION

### (State Trademark Infringement)

38.    Plaintiff repeats and realleges the above allegations made in paragraphs 1-37.

39.    Without Plaintiff's consent, Defendants have used a reproduction, counterfeit, copy and/or colorable imitation of Plaintiff's AuFutur Mark in connection with the sale, distribution, offering for sale, or advertising of goods in a manner that causes, and is likely to continue causing, confusion, mistake or deception as to the source of origin of their goods.

40.    Defendants use of the AuFutur Mark was thus in violation of § 360-k(a) of Article 24 of the New York General Business Law, as Defendants' use was committed with knowledge and in bad faith, and with the intent to cause confusion, mistake or deceive.

41.    Pursuant to 24 N.Y. Gen. Bus. Law §§ 360-k & 360-m, Plaintiff is entitled to an injunction of Defendants' manufacture, use, display and/or sale of all infringing goods, copies, counterfeits and/or imitations, as well as any profits derived from and/or all damages suffered by reason of Defendants' wrongful manufacture, use, display or sale. Plaintiff, in the Court's discretion, may also be entitled to a judgment in an amount not to exceed three times such profits and damages and/or reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION
### (State Injury to Business Reputation & Dilution)

42.    Plaintiff repeats and realleges the above allegations made in paragraphs 1-41.

43.    Plaintiff's products bearing the AuFutur Mark are of high quality and the AuFutur Mark is the primary means by which the products are identified as having being produced and sold by Plaintiff.

44.    Plaintiff has built up and now has valuable goodwill connected with its business, and the goodwill is symbolized by Plaintiff's trademark.

45.    The goods manufactured, distributed, and sold by Defendants are not manufactured by Plaintiff, nor are the Defendants associated or connected with Plaintiff, or licensed, authorized, sponsored, endorsed or approved by Plaintiff in any way.

46.    Defendants' use of confusingly similar imitations of Plaintiff's AuFutur Mark has/is likely to continue deceiving, confusing and misleading prospective and purchasers into believing that the garments sold by Defendants are manufactured by, authorized by, or in some way associated with Plaintiff, which they are not.

47.    The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of Plaintiff's AuFutur Mark has caused, and continues to cause irreparable harm to the good will of Plaintiff's business and the reputation for quality that Plaintiff embodies.

48.    Pursuant to N.Y. Gen. Bus. Law § 360-l, Plaintiff is entitled to injunctive relief for the likelihood of injury to Plaintiff's business reputation and/or dilution of the distinctive quality of Plaintiff's AuFutur Mark caused by Defendants' infringing and competing use of the AuFutur Mark.

## FIFTH CAUSE OF ACTION
### (Common Law Trademark Infringement and Unfair Competition)

49.    Plaintiff repeats and realleges all the above allegations in paragraphs 1-48.

50.    Defendants' acts constitute common law trademark infringement and unfair competition, and have caused/will continue to cause a likelihood of confusion to the irreparable harm of Plaintiff unless otherwise restrained by this Court. Plaintiff has no adequate remedy at law for this harm.

51.    On information and belief, Defendants acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, the AuFutur Mark and without regard to the likelihood of confusion to the public that Defendants' actions created.

52.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's AuFutur Mark to the irreparable injury of Plaintiff.

53.    As a result of Defendants' acts, Plaintiff has been damaged in an amount not yet ascertainable, and, at a minimum, Plaintiff is entitled to injunctive relief, an accounting of Defendants' profits, to damages and to costs. Further, due to the deliberately malicious use of confusingly similar imitations of Plaintiff's AuFutur Mark, and the need to deter Defendants from similar conduct in the future, Plaintiff is also entitled to punitive damages.

## SIXTH CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices)

54.    Plaintiff repeats and realleges the above allegations in paragraphs 1-53.

55.    Defendant has been and continues to pass off goods, specifically garments, with a mark that is confusingly similar to Plaintiff's AuFutur Mark.

56.    Defendants actions have caused, and continue to cause, a likelihood of confusion or a misunderstanding as to the source, sponsorship, or approval of Defendants' goods, and/or to Defendants' affiliation, connection, or association with the Plaintiff.

57.    Defendants' actions are damaging to the public, and thus constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices stated in 22-A N.Y. Gen. Bus. Law § 349.

58.    Defendants' unauthorized use of a confusingly similar imitation of Plaintiff's AuFutur Mark has caused and is likely to continue causing substantial injury to the public and to Plaintiff, and because of this, Plaintiff is entitled to injunctive relief and to recover damages, punitive damages, costs and reasonable attorneys' fees.

## JURY TRIAL DEMAND

59.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury of all issues so triable in this action.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that:

1.      Defendants and all persons and/or entities acting for, with, on behalf of or under authority of the Defendant, or in concert with the Defendants, be enjoined permanently, from:

      a.   using the AuFutur Mark or any copy, reproduction, or colorable imitation or simulation of it on or in connection with Defendants' goods;

      b.   using any marks, trademark, names, logos, or designs of any kind on or in connection with Defendants' goods that are a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to Plaintiff's AuFutur Mark;

      c.   using any marks, trademarks, names, logos, or designs of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced, provided, sponsored or authorized by Plaintiff, or are connected or related to Plaintiff in any way;

      d.   using any marks, trademarks, names, logos, or designs of any kind on or in connection with Defendants' goods that dilutes or is likely to dilute the distinctiveness of the Plaintiff's AuFutur Mark; and

      e.   passing off, or assisting/attempting to pass off, Defendants' goods as those of Plaintiff, or otherwise continuing any acts of unfair competition that are alleged in this Complaint;

2.      Defendants be ordered to recall all products bearing the AuFutur Mark, or any confusingly similar imitation of the AuFutur Mark which have been shipped or authorized to be ship by the Defendants or any of its agents, to any customers, and to deliver to such customers a copy of this Court's order as it relates to Plaintiff's injunctive relief;

3.      Defendants be ordered to deliver to the court or destroy all garments and any other materials in its possession, custody, or under its control, that are found to infringe, dilute or unfairly compete with Plaintiff's AuFutur Mark and products;

4.      Defendants be compelled to account to Plaintiff for any and all profits derived

by Defendants from the sale or distribution of infringing goods as Described in this Complaint, including prejudgment interest thereon;

5.    Plaintiff be awarded all damages caused by Defendants' wrongful, infringing and competing acts that form the basis of this Complaint, together with prejudgment interest;

6.    That the damages award be trebled and the award of Defendants' profits be enhances as provided for by 15 U.S.C. § 1117(a) due to Defendants' knowing and intentional use of confusingly similar imitations of Plaintiff's AuFutur Mark;

7.    Plaintiff be paid the costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and the N.Y. Gen. Bus. Law § 360-m.

8.    Plaintiff be awarded punitive damages due to Defendants' willful and deliberate infringement and dilution of the AuFutur Mark, and to deter such conduct in the future; and

9.    Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Dated: December 26, 2014

Respectfully submitted,

By: _____
Anastasi Pardalis (AP-1225)
Pardalis & Nohavicka, LLP
*Attorneys for Plaintiff*
35-10 Broadway, Suite 201
Astoria, NY 11106
P: 718-777-0400
F: 718-777-
taso@pnlawyers.com